### ORDER

Mikhail Calloway, petitioner for himself.

Robert A. Greevy, Assistant Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, SMITH, J., and LORD, Senior Judge.

COLINS, President Judge.

**Mikhail CALLOWAY, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 14, 1997.

Decided April 15, 1997.

Presently before this Court is the preliminary objection in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole (Board) to the amended complaint filed by Mikhail Calloway (Calloway).

In his amended complaint, Calloway asks this Court either to direct the removal of a detainer warrant lodged against him by the Board or to direct the Board to hold a parole revocation hearing. In support of his re-

quest, Calloway alleges that after federal authorities arrested him for bank robbery on March 7, 1995, the Board lodged a detainer warrant charging violation of parole. On May 2, 1995, Calloway pleaded guilty to the charges of bank robbery and was sentenced to 92 months in a federal penitentiary. According to Calloway, the Board has violated its regulations by not yet holding a parole revocation hearing. Calloway also alleges that the Board "is attempting to hold petitioner accountable for the fully [sic] term of the unexpired sentence by demanding that he owes the state of Pennsylvania 4 years, 3 months and 24 days[,]" and he asserts that the Board is doing so "as if patitioner [sic] has already had a parole revocation hearing, when this is not the case." (Paragraphs 18 and 19 of the Amended Complaint.) [1]

The Board demurs to Calloway's amended complaint, alleging that it has no duty to conduct a parole revocation hearing until Calloway is returned to a state correctional facility. It further alleges that calculation of any backtime is premature because Calloway has not yet been recommitted by the Board. In support of its demurrer, the Board cites its regulations at 37 Pa.Code §§ 71.4(1)(i) and 71.5(a), and Section 21.1 of the Act of August 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended* (Act), 61 P.S. § 331.21a.

■ We agree with the Board that based on its regulations, Calloway has stated no claim upon which relief can be granted. First, 37 Pa.Code § 71.4(1)(i) provides that a revocation hearing must be held within 120 days from the date that the Board receives official verification of a guilty plea unless the parolee is confined in a federal penitentiary. Second, 37 Pa.Code § 71.5(a) provides that when a parolee is in federal custody, "the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth." Consequently, the Board has no duty to hold a parole revocation hearing for Calloway while he is in federal custody.

■ With regard to the allegations in Paragraphs 18 and 19 of the amended complaint regarding backtime, the Act provides that a parolee who pleads guilty to a crime punishable by imprisonment, "may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole." Here, there has been no order of recommitment; it is premature to raise issues of the calculation of backtime.[2]

Accordingly, the preliminary objection filed by the Pennsylvania Board of Probation and Parole is sustained, and the amended complaint filed by Mikhail Calloway is dismissed.

### ORDER

**AND NOW,** this 15th day of April, 1997, the preliminary objection filed by respondent is sustained, and the amended complaint filed by petitioner is dismissed.

---

1. His amended complaint also contains allegations regarding previous convictions in New Jersey and issues regarding whether his sentences should have run concurrently or consecutively. With respect to these allegations, Calloway alleges that the Board has violated Pa.R.Crim.P. 1406.

2. Calloway misinterprets the meaning and applicability of Pa.R.Crim.P. 1406, which provides that "[w]henever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively." We note that this is a rule of Pennsylvania criminal procedure and does not apply to Calloway's convictions in New Jersey.